## BUFORD vs. VALENTINE.

APPEAL from the court of the sixth district.

PORTER, J. delivervd the opinion of the court. This is an action to recover back the price of two tracts of land, which it is alleged, were falsely and fraudulently sold to the plaintiff by the defendant, he well knowing that he had no title or pretension to the same.

The defendant acknowledges by his answer that he sold the property mentioned in the petition; but he avers that he had a title to it, and he traverses the fraud.

Interrogatories propounded to a *party* in a suit, cannot be answered by his *agent*.

The district court found the fraud proved, and gave judgment for the plaintiff. This was a question, of which that tribunal had so much better means than this, to arrive at a correct opinion, that we readily adopt its conclusion. *Vol.* 1, 165, 2 *ibid.* 188.

But independent of the weight justly attached to this circumstance, the evidence fully authorises the opinion of the judge below. The defendant has principally rested his objections to the decision, on the anwer of his agent, to the interrogatories propounded by the plaintiff on facts and articles. We are of opinion that no notice can be taken of it. The questions were propounded to the defendant *party* to the suit. To him alone under our law could they be offered, and he alone had a right to answer them. The plaintiff might well have been willing to trust the conscience of his adversary, but not that of all his adversary's agents. Indeed the very proposition of one man swearing for another, carries with it so completely its own refutation, that we should have felt it unnecessary to notice it particularly, were it not for the authority read by counsel in support of the correctness of the proceeding. Independent of the objections which would apply in any case

to such a practice, this discloses one peculiar to itself. The agent, who answered the interrogatories, was the father of the defendant, and is by law excluded from testifying in favor of so near a relation. So that to receive his evidence in this shape, would be permiting that to be done indirectly which could not be done directly.

There was no necessity to except to these answers; they were nullities in themselves, and they do not appear to have made a part of the proceedings below in any other way, than by being annexed to the answer.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be confirmed with costs.

*Bullard* for the plaintiff, *Rost* for the defendant.